NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARISE BEAUVIL and JEAN BEAUVIL, | |
| Plaintiffs, | Civ. No. 18-991 |
| v. | |
| ROBERT McKEON, ADAN MAGANA, and JOHN DOE CODE ENFORCEMENT OFFICIALS, | OPINION |
| Defendants. | |

RECEIVED
SEP 0 4 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion to Dismiss brought by Defendants Robert McKeon and Adan Magana (collectively, "Defendants"). (ECF No. 17.) Plaintiffs Marise Beauvil and Jean Beauvil (collectively, "Plaintiffs") oppose Defendants' Motion. (ECF No. 19.) The Court has decided the Motion after considering the written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Marise Beauvil, a Black Haitian-American with dual citizenship, owns an apartment building located at 1117 Sunset Avenue in Asbury Park, New Jersey (the "Sunset Avenue property"). (Am. Compl. ¶¶ 1, 9, ECF No. 14.) Plaintiff Jean Beauvil, also a Black Haitian-American with dual citizenship, is married to Plaintiff Marise Beauvil and possesses an

1

equitable interest in the Sunset Avenue property. (*Id.* ¶¶ 2, 10.) The Sunset Avenue property is subject to the City of Asbury Park's Code Enforcement Rules and Regulations. (*Id.* ¶ 11.)

On or about April 15, 2016, Defendant Adan Magana ("Defendant Magana"), a Code Enforcement Officer for the City of Asbury Park, issued a "notice of violation and order to correct identification" to Plaintiff Jean Beauvil for the Sunset Avenue property, requiring compliance by April 21, 2016. (*Id.* ¶¶ 5, 12.) On or about April 16, 2018, Defendant Robert M. McKeon ("Defendant McKeon"), the Director of Property Improvement and Neighborhood Preservation for the City of Asbury Park, placed a "red notice" on the door of the Sunset Avenue property stating, in part, "THIS UNIT IS UNINHABITABLE and its Use or Occupancy has been PROHIBITED and it shall be unlawful for any person to occupy these premises without written permission from the Hearing Officer of the City of Asbury Park. All occupants and contents of this building must be removed by 4/18/16." (*Id.* ¶¶ 4, 13.) At the time the notice was issued, Plaintiff Jean Beauvil had a Certificate of Occupancy for the property. (*Id.* ¶ 14.) After Defendant McKeon issued the notice, Defendant McKeon returned to the Sunset Avenue property and called Plaintiff Jean Beauvil, in his presence, a "slum landlord" and a "fucking Haitian nigger." (*Id.* ¶ 15.)

Plaintiffs filed their initial Complaint on January 24, 2018, bringing claims against Defendants and the City of Asbury Park[1] under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and the New Jersey Civil Rights Act ("NJCRA"). (*See* Compl. ¶¶ 19-24, ECF No. 1.) Defendants and the City of Asbury Park moved to dismiss all Counts on April 2, 2018. (ECF No. 6.) On June 1, 2018, the Court issued an Opinion and Order granting in part and denying in part the motion to dismiss. (*See* Opinion, ECF No. 12; Order, ECF No. 13.) First, the Court

---

[1] Plaintiffs elected not to rename the City of Asbury Park in their Amended Complaint.

2

denied the motion to dismiss as to Defendants' procedural due process and substantive due process claims under § 1983 and also as to Defendants' claim under the NJCRA. (*See* Op. at 5–7, 13.) Second, the Court granted the motion to dismiss as to Defendants' claim for civil conspiracy under § 1985 (*see id.* at 11–12) and claim for attorneys' fees under § 1988 (*see id.* at 12). Third, the Court granted the motion to dismiss as to the City of Asbury Park and dismissed without prejudice all Counts against the City of Asbury Park, finding that Plaintiffs had failed to describe any policy or custom that would abrogate the City of Asbury Park's immunity from municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). (*See id.* at 8–11.) However, the Court granted Plaintiffs leave to amend their complaint in order to cure the deficiencies in regard to Plaintiffs' (1) *Monell* claim against the City of Asbury Park and (2) civil conspiracy claim against Defendants and the City of Asbury Park. (*See id.* at 11, 12).

Plaintiffs subsequently filed their Amended Complaint on June 19, 2018. (ECF No. 14.) Plaintiffs contend that Defendants issued the Notice of Uninhabitability without a hearing and in violation of Plaintiffs' rights to procedural due process and substantive due process secured by the Fourteenth Amendment of the United States Constitution. (*Id.* ¶ 16.) Plaintiffs also contend that Defendants "worked/conspired together because of Plaintiffs['] race to deprive them of their property rights." (*Id.* ¶ 17.)

On July 23, 2018, Defendants filed the instant Motion to Dismiss the Amended Complaint. (ECF No. 17). On July 31, 2018, Plaintiffs submitted a letter pursuant to Local Civil Rule 7.1(d)(5), adjourning the Motion by one cycle. (ECF No. 18.) Plaintiffs timely filed their opposition on August 20, 2018. (ECF No. 19.) Defendants filed their reply on August 27, 2018. (ECF No. 20.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a motion under Rule 12(b)(6), a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The Court may consider "matters incorporated by reference or integral to the claims, matters of which the Court may take judicial notice, matters of public record, orders, and other items of record in the case." *Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, 2016 U.S. Dist. LEXIS 158548, at *12–13 (D.N.J. Nov. 16, 2016).

## DISCUSSION

In their Amended Complaint, Plaintiffs plead three Counts: (I) "Deprivation of Property" in violation of Plaintiffs' right to procedural due process and substantive due process under the Fourteenth Amendment to the U.S. Constitution (Am. Compl. ¶¶ 18–20), (II) civil conspiracy under 42 U.S.C. § 1985 (*id.* ¶¶ 21–23), and (III) violations of the New Jersey Constitution under the NJCRA, N.J.S.A. § 10:6-2 (*id.* ¶¶ 24–26). Defendants move to dismiss all three Counts. (*See generally* Defs.' Mot. at 9–15.) For the following reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss.

### I. Count I: Deprivation of Property in Violation of the Fourteenth Amendment

#### A. *Plaintiffs' Failure to Expressly Invoke § 1983*

As a preliminary matter, Plaintiffs in their Amended Complaint plead Count I titled "Deprivation of Property." (Am. Compl. ¶¶ 18–20.) More specifically, Plaintiffs allege that "Defendants violated the Fourteenth Amendment . . . under color of law, by condemning Plaintiff[s'] property without [a] hearing." (*Id.* ¶ 19.) Plaintiffs request compensatory damages, but nowhere in their Amended Complaint do Plaintiffs explicitly rely on or cite to 42 U.S.C. § 1983—the vehicle most commonly used for recovering compensatory damages for Constitutional violations. Although Plaintiffs rely on and cite to 42 U.S.C. § 1985, Plaintiffs distinguish their § 1985 claim by expressly delineating it in a different Count. (*Compare* Am. Compl. ¶¶ 18–20 (Count I: Deprivation of Property), *with id.* ¶¶ 21–23 (Count II: 42 U.S.C. § 1985).) Plaintiffs also omit in their Amended Complaint the allegation that Defendants are both "persons" within the meaning of § 1983. (*See* Redline of Am. Compl. ¶¶ 5–6, ECF No. 16.) Most importantly, Plaintiffs pleaded a § 1983 claim in their initial Complaint but oddly enough omitted the reference in their Amended Complaint. (*Cf.* Compl. ¶¶ 19–21, ECF No. 1 (titling

5

Count I as 42 U.S.C. §§ 1983, 1985, and 1988).) The Court strains to determine whether this omission constitutes a mere oversight or ineffective legal strategy.

Nonetheless, the Court infers that Plaintiffs intend to bring a § 1983 claim and, accordingly, construes Count I in the Amended Complaint as invoking § 1983 for compensatory relief. The U.S. Supreme Court encountered similar facts in *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014). In *Johnson*, city police officers alleged that they were terminated because "they brought to light criminal activities" of one of the city council members. *Id.* at 346. The police officers "charg[ed] violations of their Fourteenth Amendment due process rights . . . [and] sought compensatory relief," but they failed to expressly invoke § 1983 in their complaint. *Id.* The Supreme Court found that notwithstanding an "imperfect statement of the legal theory supporting the claim asserted," the claim may still satisfy Rule 8 of the Federal Rules of Civil Procedure as long as the plaintiff "plead[s] facts sufficient to show that her claim has substantive plausibility" and "inform[s] the [defendant] of the factual basis for the[] complaint." *Id.* at 346–47; *see also Banks v. Scott*, 2014 U.S. Dist. LEXIS 152201, at *4 n.3 (E.D. Va. Oct. 22, 2014) (construing plaintiff's complaint as pleading a § 1983 claim where the plaintiff "initially brought th[e] action under § 1983, [but] failed to mention § 1983 in his [amended complaint]"). Accordingly, the Court finds that Plaintiffs' claim for "Deprivation of Property" satisfies Rule 8 and thus invokes § 1983 for compensatory relief.

B. *Plaintiffs Satisfy Pleading Standard for Count I*

In support of their inferred § 1983 claim, Plaintiffs plead that Defendants violated the Fourteenth Amendment in three different ways: procedural due process, substantive due process, and equal protection of law. (Am. Compl. ¶ 19.) Plaintiffs' factual allegations that Defendants condemned Plaintiffs' property without a hearing (*see id.*) implicate both substantive due process

6

and procedural due process. *See, e.g., Andrews v. Borough of Collingdale*, 329 F. App'x 373, 374 (3d Cir. 2009) (per curiam) (noting that homeowner-plaintiffs alleged a violation of "their Fourteenth Amendment right to substantive due process by denying them the full use and enjoyment of their property"); *Shkedi v. City of Scranton*, 2015 U.S. Dist. LEXIS 43122, at *17–18 (M.D. Pa. Apr. 1, 2015) (denying motion to dismiss as to procedural due process claim where city condemned property). As in its previous Opinion (*see* Op. at 6), the Court construes Defendants' arguments as contesting Plaintiffs' procedural and substantive due process claims.

Defendants contend that "[t]here is absolutely no allegation in the entire complaint that the Plaintiffs were deprived of their life, liberty or property by [Defendants] McKeon or Magana without due process." (Defs.' Mot. at 10.) Defendants further contend that even if Plaintiffs adequately plead deprivation of property, N.J.S.A. § 55:13A-18 requires an appeal of Code Enforcement Officials to be brought within fifteen days of the Notice of Uninhabitability. (*Id.* at 10–11.) Although Defendants aver that Plaintiffs failed to avail themselves of the administrative process to appeal the Notice of Uninhabitability (*id.* at 11; Defs.' Reply at 3), "[a]n argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss." *Centrum Fin. Servs. v. Chi. Title Ins. Co.*, 2010 U.S. Dist. LEXIS 22902, at *7 (D.N.J. Mar. 12, 2010). The Court has already instructed Defendants that this particular argument is "of no moment" as it is "not responsive to the factual allegations in Plaintiffs' [now Amended] Complaint concerning competing compliance deadlines." (Op. at 7 n.3.) Accepting as true all factual allegations in the Amended Complaint and drawing all reasonable inferences from those facts in favor of Plaintiffs, *see Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004), Defendants issued a Notice of Violation and Order to Correct and gave Plaintiffs six days to correct numerous violations but returned just one day later to issue a Notice of Uninhabitability,

7

giving Plaintiffs only two days to vacate the premises. (*See* Am. Compl. ¶¶ 12–13.) On its face, Plaintiffs set forth a prima facie claim for a procedural due process violation.

In response to Defendants' contentions, Plaintiffs argue that the "Amended Complaint . . . is similar to the original Complaint." (Pls.' Br. at 2.) To the extent Plaintiffs omitted their citation to and reference of § 1983 as discussed above, the Court disagrees. However, other than that omission, Plaintiffs have left the allegations largely unchanged and nearly identical to their initial Complaint. (*See* Redline of Am. Compl. ¶¶ 18–20.) As Plaintiffs point out, the Court previously found these allegations enough to satisfy the federal pleading standard for procedural due process and substantive due process violations. (*See* Op. at 7 ("Though these allegations concerning the procedures provided are short on details, they surmount the federal pleading standard for a procedural due process violation. . . . Plaintiffs have sufficiently alleged their substantive due process violation to survive Defendants' Motion to Dismiss.").) Accordingly, the Court again finds these allegations acceptable at this stage of the proceeding and thus denies Defendants' Motion to Dismiss as to Count I.

## II. Count II: Civil Conspiracy under 42 U.S.C. § 1985

To sufficiently plead a § 1985(3) conspiracy claim, a complaint must contain facts that plausibly allege:

> (1) a conspiracy; (2) for the purpose of depriving a person or class of persons equal protection under the law or equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) injury to a plaintiff's property or his person, or deprivation of a right or privilege of a U.S. citizen.

*McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). In addition, a claim for conspiracy "must . . . contain

supportive factual allegations." *Ivan v. Cty. of Middlesex*, 595 F. Supp. 2d 425, 484 (D.N.J. 2009) (quoting *Rose v. Bartle*, 871 F.2d 331, 336 (3d Cir. 1989)). "Mere conclusory allegations that a conspiracy exists will not survive a motion to dismiss." *Harley v. City of N.J. City*, 2017 U.S. Dist. LEXIS 98808, at *29 (D.N.J. June 27, 2017) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 605 (D.N.J. 2002)).

Defendants first contend that the Amended Complaint "does not even identify the animus as required under Civil Rights claims." (Defs.' Mot. at 14.) Defendants seemingly attach some significance to the fact that the "hurtful names were uttered [by Defendant McKeon] *after* all notices had been given to the Plaintiffs" as opposed to *before* the notices had been given to the Plaintiffs. (*See* Defs.' Reply Br. at 4 (emphasis added); *see also* Defs.' Mot. at 13.) Defendants, however, cite no authority to support their puzzling position. The Court finds Defendants' distinction to be irrelevant as racial animus exhibited after an allegedly unlawful event may demonstrate that the action was taken for illicit intentions just as much as racial animus exhibited before such an event. Racial animus, regardless of the timing, has the potential to reveal illegitimate goals and pretextual motivations, and the instant case is no exception to that principle.

Defendants also contend that Plaintiffs fail to set forth a cognizable claim for civil conspiracy under § 1985. (Defs.' Mot. at 12.) In its previous Opinion, the Court dismissed Plaintiffs' claim for civil conspiracy as "Plaintiffs d[id] not allege that Defendants Magana and McKeon were even working in concert in issuing their distinct notices." (Op. at 12.) However, the Court granted Plaintiffs leave to amend their Complaint, directing Plaintiffs "to include additional factual allegations to support their conspiracy claim against all Defendants." (*Id.*) In response, Plaintiffs add two new paragraphs to their Amended Complaint:

> 22. In issuing a notice of violation and the subsequent red notice, Defendants McKean and Magana worked/conspired together to deprive Plaintiffs of their property rights because of their race in violation of Plaintiffs right to equal protection of the law, right to procedural due process of the law, and right to substantive due process of law, all of which are federal rights guaranteed and secured by the Fourteenth Amendment to the United States Constitution.
>
> 23. As a direct and proximate result of Defendants' violation of 42 U.S.C. [§] 1985, Plaintiffs have suffered the deprivation of precious Constitutional rights, embarrassment, mental anguish, emotional distress, harm to reputation, attorney's fees, and other losses.

(Am. Compl. ¶¶ 22–23.) Plaintiffs add no other allegations to their Amended Complaint in support of Count II.

Defendants argue that "Plaintiff makes naked and unsupported allegations that the City's code officials conspired to deprive landowners of their property." (Defs.' Mot. at 13.) The Court agrees. Defendants correctly point out that Rule 8 of the Federal Rules of Civil Procedures requires "more than labels and conclusions." (*Id.* at 14 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).) Here, Plaintiffs supplement their Amended Complaint with conclusory allegations. Even construed liberally, the allegation that Defendants "worked/conspired together" (Am. Compl. ¶ 22) is a legal conclusion lacking any degree of specificity as to when, where, why, or how Defendants acted in concert to unlawfully deprive Plaintiffs of their Constitutional rights. *Cf. Drisco v. City of Elizabeth*, 2013 U.S. Dist. LEXIS 175151, at *25 (D.N.J. Dec. 6, 2013) (dismissing for failure to state a claim under § 1985 where plaintiff "ha[d] not pleaded any facts suggesting 'agreement' or 'conspiracy' or even parallel conduct by any two defendants"). Accordingly, the Court dismisses Count II.

### III. Count III: NJCRA Claims under N.J.S.A. § 10:6-2

Plaintiffs plead violations of the NJCRA as set forth in N.J.S.A. § 10:6-2. (Am. Compl. ¶¶ 24–26.) As the Court has already pointed out in its previous Opinion, "[m]uch like the federal

constitutional claims brought through the vehicle of § 1983, the NJCRA creates a private right of action against a 'person acting under color of law' for violations of the New Jersey Constitution." (Op. at 13 (citing *Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012) (per curiam) ("The NJCRA is interpreted as analogous to § 1983."); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) ("The [NJCRA] was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution[].").) Defendants concede this point. (*See* Defs.' Mot. at 15 ("Plaintiffs['] state constitutional claims are required to be analyzed under the same standards as claims brought under 42 USC [sic] § 1983.").) The Court's analysis of the claims brought via § 1983 discussed under Count I applies with equal force here, so just as Defendants' Motion as to Count I is denied, Defendants' Motion as to Count III is also denied.

## CONCLUSION

For the reasons stated herein, Defendants' Motion is granted in part and denied in part. An appropriate order will follow.

Date: September 4, 2018

_____
ANNE E. THOMPSON, U.S.D.J.